# In the United States District Court for the Western District of Texas

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | SA-10-CR-881 |
| | § | |
| JOVANY CERVANTES-MALAGON | § | |

## ORDER

On this day came on to be considered Defendant's motion to suppress (docket no. 18).

## BACKGROUND

Defendant is charged in a one count indictment with illegal re-entry into the United States in violation of 8 U.S.C. § 1326.

On September 10, 2010, the Defendant was driving back to his home from work. He stopped at a nearby convenience store. He alleges that at this store a Bandera County Deputy Sheriff saw him at the store. After stopping at the convenience store, he re-entered his vehicle and began driving home. After a few minutes, Deputy Wedgeworth activated his overhead lights and his video machine mounted on the dashboard of the patrol car began to tape. The Defendant did not immediately stop his vehicle, but rather proceeded a short distance, and then turned left into a private driveway. The Defendant attempted to exit his vehicle, but was verbally ordered by the Deputy to remain

in the vehicle. The Deputy informed the Defendant that he was being stopped because his vehicle taillights were not working. The Defendant then began yelling for his wife to come out of their house. The Defendant was asked for his name and driver's license. The Defendant provided a false name, refused to exit the vehicle when directed, was forced out of the vehicle, and refused to remain quiet when instructed. After some period of time, the Defendant was questioned regarding whether he was a United States citizen and his immigration status. The Government concedes that at no time was the Defendant provided any *Miranda* warnings. According to a report from the Bandera County Sheriff's Department, the Defendant was arrested for operating a motor vehicle without a valid driver's license. He was thereafter transported to the Bandera County jail and Immigration and Customs Enforcement (ICE) officials were notified. It is uncertain whether anyone at the Bandera County jail administered any *Miranda* warnings to the Defendant. Upon arriving at the Bandera County jail, Deputy Wedgeworth told jail staff that the Defendant was an illegal alien. He was given *Miranda* warnings by ICE agents on September 13 and the Defendant invoked his right to counsel and refused to answer questions.

## Defendant's Motion and Analysis

### A.   Reasonable suspicion existed for the stop of the vehicle

Defendant argues that the Bandera County Deputy did not have reasonable suspicion to stop his vehicle. Defendant argues that his tail lights were in working order. The Defendant presented the testimony of Thomas

Caldwell who testified that he inspected the vehicle in December of 2010 and that the tail lights were working and the lights had not appeared to be "worked on" because the original screws were still in place and not stripped.

The Court has reviewed the patrol car videotape of the incident and the still photos taken from the videotape. Although at some points in the videotape it appears that the tail lights were working, it appears from the still photos that at some points in time the tail lights were not working. Mr. Caldwell testified that he cannot be certain whether any fuses were replaced in the vehicle.

Deputy Wedgeworth testified that he did not see the Defendant at the convenience store, and that he could not see the driver of the vehicle when he activated his overhead lights. The video clearly indicates Deputy Wedgeworth stating to the Defendant that he was being stopped because his tail lights were not working. The Court finds that Deputy Wedgeworth's *Terry* stop was based on a reasonable suspicion that a violation of the Texas traffic laws had occurred.

**B.     *Miranda* warning violation**

Defendant also argues that any verbal statements he made should be suppressed because no *Miranda* warnings were administered by either Bandera County deputies or ICE agents.

The Court agrees that any statements made by the Defendant about his immigration status to the Bandera County deputies should be suppressed. It is acknowledged by all parties that the Defendant was "in custody." It is conceded by the Government that no *Miranda* warnings were administered at the scene.

The statements were unrelated to the purpose of the traffic stop (non working tail lights) and unrelated to the arrest (driving without a valid license). The Defendant was never charged with any state crime or issued any traffic citation. The Government essentially concedes that suppression of the statements made at the scene is required because the deputies interrogated the Defendant with the intent to procure incriminating statements from him about his immigration status. *See U.S. v. Adoni-Pena*, 2009 WL 3568488 (D. Vt. 2009) ("Because Defendant was in custody and questioned with investigative intent, *Miranda* warnings were required.").

### C.    Identity evidence uncovered by ICE agents

Defendant also seeks the suppression of any statements given by Bandera County jail officials to ICE and any evidence uncovered by ICE. Defendant argues that all such evidence was "tainted" by the intentional *Miranda* violation.

The Government argues that this evidence and the Defendant's A-file should not be suppressed because the "fruit of the poisonous tree" doctrine has no applicability to a *Miranda* violation. The Government's position has been rejected by a district court in the Fourth Circuit. *See U.S. v. Toledo*, 615 F.Supp.2d 453, 465 (S.D. W.Va. 2009) ("When police officers use an illegal arrest as an investigatory device in a criminal case 'for the purpose of obtaining fingerprints without a warrant or probable cause,' then the fingerprints are inadmissible under the exclusionary rule as 'fruit of the illegal detention.'").[1]

---

[1] *See also U.S. v. Olivares-Rangel*, 458 F.3d 1104, 1115 (10th Cir. 2006)("we hold that if an illegal arrest was purposefully exploited for the objective of obtaining fingerprints, then

4

The law is less favorable to the Defendant in the Fifth Circuit. In *U.S. v. Scroggins*, 599 F.3d 433 (5th Cir. 2010) the court stated: "Our precedents concerning prosecution for illegal reentry hold on several grounds that immigration and deportation records are not suppressible, even if officers on the scene become aware of a defendant's immigration status by means of a constitutional violation." *Id.* at 450.[2]

After viewing the testimony of Bandera County Deputy Wedgeworth, the Court concludes that the sole purpose of Defendant's arrest at his residence was the deputies' knowledge that the Defendant was an illegal alien. The deputies obtained that knowledge by violating *Miranda*. The Defendant was transported to the Bandera County jail for the purpose of detaining him until ICE officials retrieved him. The Defendant was not arrested for any state crime, nor issued any traffic citations.

The Government states (for the first time in their post-hearing brief)[3] that while at the jail an ICE agent spoke with the Defendant and obtained both identifying data and incriminating information from the Defendant. Apparently the Government is trying to argue that any identifying information was

---

the fingerprint evidence must be suppressed.").

[2] *See also U.S. v. Farias-Gonzalez*, 556 F.3d 1181 (11th Cir. 2009) (Identity-related evidence that police officers obtain as result of violation of defendant's constitutional rights is not suppressible in criminal prosecution, when offered only to prove who the defendant is; societal costs of suppression of such evidence outweighs the minimal deterrent effect that suppression of such evidence would have, given government's ability to collect new, admissible evidence of identity and re-indict.).

[3] Docket no. 27.

5

independently secured from ICE agents, apart from any "tainted" information secured from the local county deputies and jail staff. There are a number of problems with this argument. First, the Government tendered no evidence at the suppression hearing that an ICE agent spoke with the Defendant by telephone. Secondly, no evidence was tendered at the suppression hearing that any *Miranda* statements were administered by the ICE agent before the Defendant provided any incriminating statements. Finally, even if only identifying information was secured from the ICE agents from either the Defendant or Bandera County jail officials, the only mode by which such identifying information could have been relayed stemmed from the local authorities violating *Miranda* and essentially making an interrogation and arrest that only ICE officials are authorized to perform.

This Court's reservations notwithstanding, the broad pronouncements made by the Fifth Circuit dictate that this part of the Defendant's motion be denied.

## Conclusion

Defendant's motion to suppress is granted in part and denied in part.

It is so ORDERED.

SIGNED this 21st day of December, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE